IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Frances Marie Harrison, | ) | C/A No. 5:20-cv-3555-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Kilolo Kijakazi,[1] Acting Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("Report"), which recommended affirming the decision of the Commissioner of Social Security ("Commissioner") and denying Plaintiff's request for remand. ECF Nos. 24, 25. Having considered the briefing, the administrative record, and all relevant law, the Court overrules Plaintiff's Objections and adopts the Magistrate Judge's Report for the reasons that follow.

## **BACKGROUND**

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the Commissioner's final decision denying her claim for Disability Insurance Benefits ("DIB").

Plaintiff applied for DIB on November 26, 2014, alleging disability beginning June 30, 2014. (R. 266–67). Plaintiff's application was denied initially and upon

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Fed. R. Civ. P. 25(d), she is substituted for former Commissioner Andrew Saul as the defendant in this action.

reconsideration.  (R. 79, 94).  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on July 27, 2017.  (R. 46–67, 124).  The ALJ denied Plaintiff's application in a decision dated December 13, 2017.  (R. 95–105).  The Appeals Council subsequently remanded the claim to the ALJ for a second hearing to evaluate Plaintiff's obesity on her ability to perform basic work activities, give further consideration to Plaintiff's maximum residual functional capacity ("RFC"), provide rationale with specific references in the record in support of assessed limitations, and obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base.  (R. 113).  A second hearing was held on November 13, 2019.  (R. 29–44).  The ALJ again denied Plaintiff's application in a decision dated January 22, 2020.  (R. 10–22).  The Appeals Counsel denied Plaintiff's request for review on September 8, 2020, making the ALJ's decision the final decision of the Commissioner.  (R. 1–5).

     Plaintiff filed suit in this Court on October 8, 2020.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling.  On October 8, 2021, Magistrate Judge Kaymani D. West issued her Report recommending that the decision of the Commissioner be affirmed.  ECF No. 24.  On October 12, 2021, Plaintiff filed Objections to the Report.  ECF No. 25.  The Commissioner filed a Reply on October 26, 2021.  ECF No. 27.  The Magistrate Judge's Report and Plaintiff's Objections are now before the Court.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that

there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

### I. Plaintiff's Subjective Complaints

Plaintiff's first objection is that the Magistrate Judge erred in finding the ALJ adequately considered Plaintiff's subjective complaints and that substantial evidence supports the ALJ's determination that Plaintiff's statements regarding her symptoms and pain were not entirely consistent with the evidence in the record. ECF Nos. 24 at 12–13; 25 at 1. Specifically, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause [her] alleged symptoms" but also determined that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." (R. 18). The ALJ outlined the objective medical evidence including Plaintiff's right shoulder surgery, diagnostic testing, treatment records, and objective findings, and referred to Plaintiff's subjective statements made to treating physicians. (R. 18–19). Upon review of this evidence, as well as opinion evidence, the ALJ found Plaintiff "capable of performing sedentary work with additional postural limitations due to her cervical spine impairment, limitation on overhead reaching due to her shoulder impairment, and environmental limitation out of caution due to the combined effect of her impairments." (R. 19).

Having conducted a careful de novo review of the record, the Court agrees with the Magistrate Judge that the ALJ adequately considered Plaintiff's subjective complaints and that substantial evidence supports the ALJ's determination regarding the limiting effects of Plaintiff's symptoms. For claims filed before March 27, 2017, 20 C.F.R.

§ 404.1529 provides that a claimant's symptoms will not be found to affect her ability to do basic work activities unless (1) medical signs or laboratory findings show that a medically determinable impairment is present and (2) the impairment could reasonably be expected to produce the claimant's pain or other symptoms. In evaluating the intensity and persistence of the claimant's symptoms, all of the available evidence, including medical history, the medical signs and laboratory findings, and the claimant's statements regarding her symptoms must be considered. 20 C.F.R. § 404.1529(a); *see* Social Security Ruling 16-3p, 2017 WL 5180304, at *4 (Oct. 25, 2017). The ALJ must then determine the extent to which the alleged functional limitations and restrictions due to pain and other symptoms can reasonably be accepted as consistent with the medical signs and laboratory findings and other evidence to decide how those symptoms affect the claimant's ability to work. 20 C.F.R. § 404.1529(a).

Here, the ALJ found that medically determinable impairments were present and could reasonably be expected to cause Plaintiff's symptoms. (R. 18). However, based on the ALJ's review of all of the available evidence in the record, he determined that Plaintiff's subjective statements concerning the intensity, persistence, and limiting effects of her symptoms were inconsistent with that evidence and instead found that her symptoms did not prohibit her from working at the sedentary level. (R. 18). More specifically, with respect to Plaintiff's testimony regarding limitations in her right upper extremity, the ALJ found that "[t]he findings at the consultative examination indicated no difficulty with fine and gross manipulation, and the records in the years following do not indicate such difficulties either and show minimal treatment for this impairment." (R. 20). This Court agrees with the ALJ's evaluation of Plaintiff's subjective complaints based on

5

the evidence in the record. Because substantial evidence supports the ALJ's determination, Plaintiff's objection is overruled.

## II. Consideration of Medical Opinions

Plaintiff also objects to the Magistrate Judge's finding that the ALJ cited sufficient evidence to support his allocation of partial weight to the opinions of Dr. Blubaugh and the State Agency consultants' opinions.[2] In his report, Dr. Blubaugh noted that, based on his examination of Plaintiff, fine and gross manipulation appeared normal in Plaintiff's hands. (R. 477). However, upon review of other medical records regarding Plaintiff's right rotator cuff repair, Dr. Blubaugh opined that Plaintiff could not do anything requiring regular use of her right arm. (*Id.*). The ALJ allocated little weight to this portion of Dr. Blubaugh's opinion because he found the examiner's use of the term "regular" to be vague and unsupported by the examination findings that Plaintiff had no difficulty with fine and gross manipulation. (R. 20). Nevertheless, the ALJ determined that the examination findings and the objective record as a whole supported a limitation on Plaintiff's use of her right arm. (*Id.*).

During Plaintiff's initial disability determination, Dr. Wissman found Plaintiff's gross manipulation unlimited but her fine manipulation limited in her right upper extremity. (R. 73–74). On reconsideration, Dr. Thomson found Plaintiff's gross and fine manipulation limited in her right upper extremity, attributing little weight to Dr. Blubaugh's opinion as

---

[2] Dr. Michael Blubaugh conducted a vocational rehabilitation examination of Plaintiff. (R. 475–79). The State Agency consultants—Dr. Stephan Wissman and Dr. Thomas O. Thomson—completed physical residual functional capacity assessments of Plaintiff as part of her disability determination. (R. 72–75, 88–91).

not supported by objective evidence. (R. 88–89). The ALJ accorded little weight to both of these opinions, finding the evidence concerning Plaintiff's right carpal tunnel syndrome did not support a limitation as to frequent fingering and handling with the right upper extremity. (R. 20). In addition, the ALJ noted that Dr. Blubaugh's opinion indicated no difficulty with fine and gross manipulation, and Plaintiff's subsequent medical records also did not indicate such difficulties and showed minimal treatment for this impairment. (*Id.*).

Upon review, the Magistrate Judge found the ALJ "did not reject the opinions outright and instead indicated that he gave some portions of the opinions little or partial weight and assigned significant weight to other portions of the opinions." ECF No. 24 at 18. The Magistrate Judge further determined the ALJ did not err in failing to give the opinions controlling weight, noting the doctors' roles as consultants and chart reviewers rather than treating physicians. *Id.* Ultimately, the Magistrate Judge found "the ALJ provided good reasons for the weight given, and his assignment of weight to the opinions . . . is supported by substantial evidence." *Id.*

Having conducted a careful de novo review of the record, the Court agrees with the Magistrate Judge's analysis and conclusion. As the Magistrate Judge noted, although Plaintiff's claim was filed before March 31, 2017 and would otherwise be subject to the "treating physician rule,"[3] the medical examiners in this case were not Plaintiff's treating

---

[3] For claims filed before March 27, 2017, 20 C.F.R. § 404.1527(c)(2) and § 416.927(c)(2) provide that:

> If we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairments is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other

7

physicians; thus, their opinions were not entitled to controlling weight. As a result, this Court finds the ALJ properly evaluated their opinions and sufficiently explained his reasoning as to those portions of the opinions to which he accorded either significant or partial weight. Indeed, the ALJ did not dismiss any of the opinions in their entirety, as evidenced by his finding that Plaintiff has a limitation on the use of her right arm, which he incorporated into his RFC determination. Because substantial evidence supports the ALJ's determination, Plaintiff's objection is overruled.

## **CONCLUSION**

For the reasons set forth above, the Court **ADOPTS** the Report, **OVERRULES** Plaintiff's Objections, and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>
United States District Judge

January 3, 2022
Spartanburg, South Carolina

---

substantial evidence in your case record, we will give it controlling weight.